**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**DIANNE TAYLOR**                                                                              **PLAINTIFF**

**v.**                                          **Case No. 4:12-cv-00024-KGB**

**JOHN THEIS, as Director**
**of the Arkansas Department of**
**Finance and Administration,**
**AMY VALENTINE, individually,**
**and CARLA WOOLEY, individually**                                  **DEFENDANTS**

<u>**ORDER**</u>

Before the Court is plaintiff Dianne Taylor's response to the Court's order to show cause and alternative motion to amend (Dkt. No. 17). Ms. Taylor filed her original Complaint on January 13, 2013, in which she named the Arkansas Department of Finance and Administration ("AFDA") as the sole defendant (Dkt. No. 1). The ADFA answered (Dkt. No. 3), and Ms. Taylor filed an affidavit of service on the ADFA (Dkt. No. 5). Ms. Taylor subsequently requested and was granted leave to amend her complaint (Dkt. No. 8). Ms. Taylor filed her Amended Complaint on June 22, 2012 (Dkt. No. 9). Ms. Taylor's Amended Complaint did not name ADFA as a defendant but instead substituted the current defendants. Ms. Taylor has not filed proof of service regarding the Amended Complaint on the current defendants as required by Rule 4(*l*)(1) of the Federal Rules of Civil Procedure. Defendants have not answered Ms. Taylor's Amended Complaint.

By prior Order, the Court upon its own motion ordered Ms. Taylor to show cause as to why her Amended Complaint should not be dismissed for failure to serve defendants within 120 days after her Amended Complaint was filed (Dkt. No. 16). Ms. Taylor has responded and

moved in the alternative for leave to amend (Dkt. No. 17).  Defendants have filed a limited

appearance and opposition to Ms. Taylor's response and motion to amend (Dkt. No. 18).

Federal Rule of Civil Procedure 4(m) provides in part:

> If a defendant is not served within 120 days after the complaint is filed,
> the court—on motion or on its own after notice to the plaintiff—must
> dismiss the action without prejudice against that defendant or order that
> service be made within a specified time.  But if the plaintiff shows good
> cause for the failure, the court must extend the time for service for an
> appropriate period.

Under Rule 4(m), a district court must engage in a two-step analysis.  *Colasante v. Wells

Fargo Corp.*, 81 F. App'x 611, 612 (8th Cir. 2003).  The court must first inquire whether the

plaintiff has demonstrated good cause for the failure to serve within the prescribed 120-day

period.  If the court finds that good cause is shown, the court shall extend the time for service.

*Adams v. AlliedSignal Gen. Aviation Avionics,* 74 F.3d 882, 887 (8th Cir. 1996).  Even if the

court concludes good cause is not shown, the court retains discretion and may grant an extension

of the time for service if the plaintiff demonstrates excusable neglect.  *Colasante*, 81 F. App'x at

612-14.  "Excusable neglect" requires "good faith and some reasonable basis for noncompliance

with the rules."  *Adams*, 74 F.3d at 887.  Factors a court may consider in determining whether

neglect is excusable include "the danger of prejudice to the [nonmovant], the length of the delay

and its potential impact on judicial proceedings, the reason for the delay, including whether it

was within the reasonable control of the movant, and whether the movant acted in good faith."

*Gibbons v. United States,* 317 F.3d 852, 854 (8th Cir. 2003) (quoting *Pioneer Inv. Servs. Co. v.

Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 395 (1993)).  The reason for the delay has the

greatest significance when weighing these factors.  *Id.*  Excusable neglect is an "elastic concept"

permitting courts to provide relief where the failure to meet a deadline is caused by

"inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the

party's control." *Kurka v. Iowa County, Iowa*, 628 F.3d 953, 959 (8th Cir. 2010).  "[T]he determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer*, 507 U.S. at 395.  A district court's findings at each step of the analysis will not be set aside absent an abuse of discretion. *Adams*, 74 F.3d at 887.

Ms. Taylor has not demonstrated good cause or excusable neglect for her failure to serve defendants within 120 days of filing her Amended Complaint.  The only explanation she offers is that, after filing her Amended Complaint, her counsel was erroneously informed that Ms. Taylor was dead and therefore took no action.  This is not sufficient to show good cause or excusable neglect for failing to serve defendants.  First, it is not clear whether Ms. Taylor's counsel received this information before or after the October 20, 2012, expiration of the time to serve Ms. Taylor's Amended Complaint.  More importantly, the Court finds a lack of good cause or excusable neglect based on the admitted inaction in this case.  Ms. Taylor never requested an extension of time to obtain service.  She took no action in this case for over a year after filing her Amended Complaint, until the Court prompted her to file a status report (Dkt. Nos. 12, 13).

Taking into account all the relevant circumstances, the Court finds that Ms. Taylor has failed to demonstrate good cause or excusable neglect for her failure to serve defendants within 120 days of filing her Amended Complaint.  Her Amended Complaint is dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.  Her alternative motion to amend is denied (Dkt. No. 17).

\*   \*   \*

For these reasons, Ms. Taylor's Amended Complaint is dismissed without prejudice (Dkt.

No. 9).  Ms. Taylor's motion to amend is denied (Dkt. No. 17).

SO ORDERED this 20th day of November, 2013.

_____
Kristine G. Baker
United States District Judge